IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI ODEH ABDELJABER, | : | Civil No. 1:22-CV-00693 |
| Plaintiff, | : | |
| v. | : | |
| USP LEWISBURG, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the United States' motion to dismiss or, in the alternative, for summary judgment, in the claim brought by Ali Odeh Abdeljaber ("Plaintiff") under the Federal Torts Claim Act ("FTCA"). (Doc. 21.) Also pending is Plaintiff's motion to appoint counsel. (Doc. 26.) Because Plaintiff failed meet the statutory requirement of filing a tort claim with the federal agency prior to filing his complaint, this court lacks jurisdiction. The court will grant the United States' motion for summary judgment and enter judgment in favor of the United States. Therefore, Plaintiff's motion for appointment counsel will be denied as moot.

### BACKGROUND AND PROCEDURAL HISTORY

On May 3, 2022, Plaintiff, a federal prisoner housed at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") at the time, sent a letter addressed to the Clerk of the United States District Court in the Eastern District of Kentucky regarding the conditions of his confinement. In the letter,

1

Plaintiff set forth four allegations: (1) he has not been allowed a legal phone call; (2) he has experienced a delay in acquiring his legal documents from his personal property; (3) the drinking water at USP Lewisburg is unsafe and causes him physical illness; and (4) a fear of retaliation has prevented him from filing a grievance. (Doc. 1.) This letter was filed as a complaint and transferred to this court. (Doc. 4.) Plaintiff paid the filing fee in full on June 10, 2022. (Doc. 12.) The court reviewed Plaintiff's letter/complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failing to state a claim for upon which relief can be granted because Plaintiff named USP Lewisburg as the defendant. (Doc. 13.) In doing so, the court granted Plaintiff leave to amend his complaint. (*Id.*)

Plaintiff filed an amended complaint in September of 2022. (Doc. 16.) The amended complaint appears to be a combination of three documents. (Docs. 16, 16-1.) The first is a civil complaint form alleging claims under *Bivens* and the Federal Tort Claims Act (FTCA) against five defendants: (1) the Warden of USP Lewisburg ("Warden"); (2) the Assistant Warden of USP Lewisburg ("Assistant Warden"); (3) SIS Beumondorf ("Beumondorf"); (4) Ms. Reibsome ("Reibsome"); and (5) Mr. Oberlin ("Oberlin"). (Doc. 16.) Additionally, the caption of the document appears to name a sixth defendant: Mr. Gemberling ("Gemberling"). (*Id.*, p. 1.)[1] The second document appears to be a complaint raising claims under

---

[1] For ease of reference, the court will utilize the page numbers from the CM/ECF header.

42 U.S.C. § 1983, *Bivens*, the FTCA, and Pennsylvania State Law.  (Doc. 16-1, pp. 1–9.)  This document names eight defendants in the caption: (1) Federal Bureau of Prison ("BOP"); (2) Warden; (3) Assistant Warden; (4) Beumondorf; (5) Reibsome; (6) Oberlin; (7) the United States of America ("United States"); and (8) Gemberling.  (*Id.*, p. 1.)  The third document is an affidavit that sets forth Plaintiff's alleged facts.  (Doc. 16-1, pp. 10–16.)  These three documents were construed as a single second amended complaint.  (Doc. 17.)

This second amended complaint was screened under 28 U.S.C. § 1915A, and all claims, except the FTCA claim of intentional infliction of emotional distress, were dismissed, and the second amended complaint was served on the United States.  (*Id.*)  The United States filed a motion to dismiss or, in the alternative for summary judgment, on January 3, 2023 and a brief in support on January 17, 2023.  (Docs. 21, 23.)  Plaintiff filed a response on February 24, 2023.  (Doc. 25.)  The United States did not file a reply.  Plaintiff filed a motion for appointment of counsel.  (Doc. 26.)  These pending motions will now be addressed by the court.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the

claims occurred at USP Lewisburg, located in Union County, Pennsylvania, which is within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most

4

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### MOTION FOR SUMMARY JUDGMENT STANDARD

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the

court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

The United States alleges that this FTCA claim should be resolved on summary judgment because "[a] claim under the FTCA must first be presented to the appropriate federal agency and be denied by that agency before any individual can file suit in federal court." (Doc. 23, pp. 3–4, citing 28 U.S.C. § 2675(a)). The United States' motion asks the court to consider documents outside the complaint. (*Id.*) Therefore, the appropriate standard for the court to apply is the standard for a motion for summary judgment set forth above. The Third Circuit has held that motions under Rule 12 that are drafted as alternative motions for summary judgment under Rule 56 are sufficient to put the parties on proper notice and allow the court to enter judgment in a case. *Latham v. U.S.*, 306 Fed.App'x. 716, 718 (3rd Cir. 2009). Therefore, the court will proceed to address the United States' filing under the standard applicable to a motion for summary judgment.

### A. Undisputed Facts

The United States District Court for the Eastern District of Kentucky sentenced Plaintiff to 119 months in federal prison for possession with intent to distribute fentanyl and possession of a firearm in furtherance of a drug trafficking

crime.  (Doc. 22-1, pp. 5–6.)  Plaintiff was housed at USP Lewisburg from November 22, 2021 to June 13, 2022.  (*Id.*, p. 9.)

The BOP maintains a database known as Case File Manager for Administrative Torts, which stores documents and forms that have been presented to the BOP by tort claimants pursuant to the FTCA.  (Doc. 22, p. 2.)  A review of this database revealed that Plaintiff did not file any written tort claims during his time in BOP custody.  (Doc. 22-1, p. 2.)

Plaintiff did not dispute these facts.  Instead, he repeatedly insists that he was prevented from filing administrative remedies by USP Lewisburg staff. (Docs. 16-1, 25.)

### B. The United States' Motion Will Be Granted.

The FTCA states that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a)  "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely."  *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States*, 508 U.S. 106 (1993)); *see also Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 793–94 (3d Cir. 1994) (noting

that administrative exhaustion under FTCA is mandatory and that Supreme Court "firmly rejected" the "no harm, no foul" reasoning).

In the second amended complaint, Plaintiff states that he "attempted to exhaust his Administrative Remedies, but was blocked by BOP Employees." (Doc. 16-1, p. 3.) However, this does not dispute the evidence presented by the United States, which included a statement from the Senior CLC Attorney at USP Lewisburg, Joshua M. Bower, that he searched the database and found that Plaintiff had not filed a single administrative tort claim while in BOP custody. (Doc. 22-1, ¶ 7.) Therefore, there is no factual dispute present in this action regarding Plaintiff's failure to file a tort claim before the BOP.

"[W]here Congress has imposed an administrative exhaustion requirement by statute, the exhaustion of those procedures is mandatory." *Wujick*, 43 F.3d at 793–94. Therefore, this court will grant the United States' motion for summary judgment and enter judgment against Plaintiff and in favor of the United States.

## CONCLUSION

For the reasons set forth above, the United States' motion for summary judgment will be granted, and judgment entered in its favor.  Because the motion for summary judgment will be granted, Plaintiff's motion for appointment of counsel will be denied as moot.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: August 7, 2023